UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMANDA BAKAY,<br>  Plaintiff | CIVL ACTION |
| VERSUS | NO. 18-5902 |
| POSIGEN, INC., ET AL.,<br>  Defendants | SECTION: "E" (3) |

## ORDER AND REASONS

Before the Court is a motion to dismiss, filed by Defendants, PosiGen Inc., PosiGen, LLC, PosiGen GP, LLC, PosiGen Energy Efficiency of Louisiana, LLC, and PosiGen of Louisiana, LLC ("Defendants"), seeking to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] The motion is opposed.[2] Defendants filed a reply.[3] For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

Plaintiff Amanda Bakay filed her original Complaint on June 14, 2018.[4] Plaintiff alleges Defendants engaged in sexual discrimination and retaliation after they denied her request to work remotely and terminated her without a severance package, despite allowing male employees to work remotely and providing male employees with severance packages upon termination.[5]

---

[1] R. Doc. 25.
[2] R. Doc. 31.
[3] R. Doc. 32.
[4] R. Doc. 1.
[5] *Id.* at ¶¶56, 63-64.

Defendants filed their first Motion to Dismiss on September 19, 2018.[6] Plaintiff filed her First Amended Complaint on October 31, 2018, and the Court denied without prejudice Defendants' Motion to Dismiss.[7] In her Amended Complaint, Plaintiff again brings claims under Title VII and the LEDL against all Defendants.[8] Plaintiff seeks damages for the following: (1) back wages and bonuses pursuant to La. R.S. § 23:631, (2) full pay through May 18, 2018 under Louisiana Civil Code article 2749, (3) penalties for unpaid wages, (4) lost income and lost potential income, (5) emotional distress and mental anguish, and (6) severance compensation, bonuses, back wages, and damages.[9] On November 14, 2018 Defendants re-urged their motion to dismiss,[10] which is the basis of this Order.

## STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of her claim that would entitle her to relief.[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] However, the court does not accept as true legal conclusions or mere

---

[6] R. Doc. 8.
[7] R. Doc. 24.
[8] R. Doc. 23 at ¶¶ 58-71.
[9] *Id.* at 10-11.
[10] R. Doc. 25.
[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[13] *Id.*

conclusory statements,[14] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[15] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[16]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[17] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[18] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[19]

## LAW AND ANALYSIS

### I. Plaintiff's Claims Under Title VII

Plaintiff brings gender discrimination claims against Defendants pursuant to Title VII of the Civil Rights Act,[20] which protects against discrimination on the basis of sex.[21] Defendants move to dismiss Plaintiff's claims under Title VII, arguing (1) Plaintiff fails to allege facts sufficient to support an inference that one or all of the Defendants was her employer;[22] (2) Plaintiff fails to state a plausible gender discrimination claim based on

---

[14] *Id.*
[15] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[16] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[17] *Twombly*, 550 U.S. at 555.
[18] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[19] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[20] R. Doc. 23 at ¶¶64-71
[21] 42 U.S.C. § 2000e-2.
[22] R. Doc. 25-1 at 6-10.

3

her request to work remotely;[23] and (3) Plaintiff fails to state a plausible retaliation claim because her requests for equal accommodation to not constitute protected activity.[24]

Title VII imposes liability on an employer for unlawful employment practices, including discrimination on the basis of sex, and protects employees from retaliation for engaging in protected activity.[25] In her Amended Complaint, Plaintiff alleges she served "as the Human Resources Director of the PosiGen entities"[26] and "[t]here was no was no meaningful separation or delineation between the PosiGen Defendant-entities."[27] Plaintiff alleges she "was employed by each Defendant-entity,"[28] "each had the ability to hire, fire, supervise, and set her work schedule,"[29] "operations of the Defendant entities were interrelated,"[30] and the defendant entities shared a common President.[31] Plaintiff alleges she received a greater salary reduction than her male counterpart[32] and her vacation and sick leave benefits were treated differently than those of male co-workers.[33] Plaintiff alleges she was retaliated against after she applied for a leave of absence and short-term disability because she was stripped of her decision-making authority.[34]

The Amended Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[35] At this stage, Plaintiff has sufficiently

---

[23] *Id.* at 11-13.
[24] *Id.* at 13-14.
[25] 42 U.S.C. § 200e-2; 42 U.S.C. § 200e-3.
[26] R. Doc. 23 at ¶ 11.
[27] *Id.* at ¶ 12.
[28] *Id.* at ¶ 14.
[29] *Id.*
[30] *Id.* at ¶ 16.
[31] *Id.* at ¶ 15.
[32] *Id.* at ¶¶ 24-25.
[33] *Id.* at ¶ 39.
[34] *Id.* at ¶ 36.
[35] *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

alleged that Defendants violated Title VII, and Defendants' motion to dismiss is denied on this basis.

## II. Plaintiff's Claims Under the Louisiana Employment Discrimination Law

Plaintiff brings gender discrimination claims against Defendants pursuant to the LEDL.[36] The LEDL imposes liability on an "employer," defined as one "who employs twenty or more employees within the state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."[37] Defendants move to dismiss Plaintiff's claims under LEDL, arguing Plaintiff fails to allege facts that Defendants qualify as an employer under the LEDL.

In her Amended Complaint, Plaintiff alleges, "[c]ollectively, Defendants hired more than fifteen (15) persons for each working day in each of twenty (20) or more calendar weeks currently, and during the time they were Ms. Bakay's employer(s)." Plaintiff has "not set forth factual allegations in support of her claim that would entitle her to relief"[38] because she has not alleged Defendants employed the requisite number of employees to qualify as an "employer" under the LEDL. As a result, Defendants' Motion to Dismiss is granted with respect to Plaintiff's claims under the LEDL.

## III. Plaintiff's Claim for Bonuses and Back Wages

Plaintiff alleges she is entitled to back wages and bonuses pursuant to Louisiana Revised Statute § 23:631, the Louisiana Wage Payment Act (LWPA).[39] The LWPA provides, "[u]pon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the

---

[36] R. Doc. 23 at ¶58-63.
[37] La. R.S. § 23:302(2).
[38] *Twombly*, 550 U.S. at 555; *Cuvillier*, 503 F.3d at 401.
[39] R. Doc. 23 at 10 (¶ 1 of damages section).

5

amount then due under the terms of employment, whether the employment is by the hour, day, week, or month."⁴⁰ Defendants move to dismiss Plaintiff's claim for bonuses and back wages under the LWPA because "Defendants were never under a contractual duty to make such payments."⁴¹

In her Amended Complaint, Plaintiff alleges she "was promised a salary of $225,000 with a 35% bonus and three-weeks-vacation."⁴² Plaintiff alleges her employment contract, which she admits was never signed, promised "a twenty-four (24) week severance package."⁴³ Plaintiff alleges she is owed bonuses from the years 2015 and 2016⁴⁴ and alleges she was not offered any severance compensation.⁴⁵ Plaintiff has sufficiently pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"⁴⁶ with respect to her claim for bonuses and back wages under the LWPA. Defendants' motion to dismiss is denied with respect to this claim.

### IV. Plaintiff's Claim for Wages Through May 18, 2017 Under Louisiana Civil Code Article 2749

Plaintiff alleges she is entitled to wages through May 18, 2017 under Louisiana Civil Code article 2749.⁴⁷ Louisiana Civil Code article 2749 provides, "[i]f . . . a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.⁴⁸ Louisiana courts

---

⁴⁰ La. R.S. § 23:631.
⁴¹ R. Doc. 25-1 at 14-15.
⁴² R. Doc. 23 at ¶ 21.
⁴³ *Id.* at ¶ 22.
⁴⁴ *Id.* at ¶ 45.
⁴⁵ *Id.* at ¶ 48.
⁴⁶ *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
⁴⁷ R. Doc. 23 at 10 (¶ 2 of damages section).
⁴⁸ La. Civ. Code art. 2749

6

require, "as a prerequisite for claiming unpaid salaries for work that would have been performed in the future" that the employee show she was hired for a definite time period.[49] Absent a contract for a fixed period of time, an employee is terminable "at will," at any time for any cause, or for no cause.[50] Defendants move to dismiss Plaintiff's claim for relief premised on Louisiana Civil Code article 2749, arguing it is inapplicable to her case because she has not alleged her employment with Defendants was for a fixed period of time.[51]

In her Amended Complaint, Plaintiff admits the "Executive Employment Agreement," dated March 23, 2015, was never signed by the CEO.[52] Although Plaintiff may be entitled to back wages and bonuses pursuant to LWPA, she has not alleged facts to support her claim for back wages and bonuses pursuant to Louisiana Civil Code article 2749. Defendants' Motion to Dismiss is granted with respect to this claim.

## V.     Plaintiff's Claim for Intentional Infliction of Emotional Distress

Plaintiff alleges she is entitled to damages because of Defendant's intentional infliction of emotional distress.[53] To recover for intentional infliction of emotional distress, a plaintiff must demonstrate the following: (1) extreme and outrageous conduct by the defendant; (2) severe emotional distress suffered by the plaintiff; and (3) the defendant's desire to inflict severe emotional distress or knowledge that severe emotional distress would be certain or substantially certain to result from his conduct.[54] Defendants

---

[49] *Saacks v. Mohawk Carpet Corp.*, No. 2003-0386 (La. App. 4 Cir. 8/20/03); 855 So.2d 359, 364.
[50] *Pechon v. National Corp. Service, Inc.*, 100 So. 2d 213, 216 (La. 1958).
[51] R. Doc. 25-1 at 17-18.
[52] R. Doc. 23 at ¶ 22.
[53] R. Doc. 23 at 11 (¶ 5 of damages section)
[54] *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991).

argue there are no facts to support a claim for intentional infliction of emotional distress.[55]

In her Amended Complaint, Plaintiff alleges, "on more than one occasion, male employees were forced to dress up as women in pink aprons and heels and 'serve' their colleagues as punishment for losing/or winning collections contests."[56] Plaintiff alleges she "expressed concerns over Mr. Neyhart's humor and continued treatment of employees,"[57] and argues this conduct caused her emotional distress.[58] Although the Court may ultimately determine Plaintiff is not entitled to damages for intentional infliction of emotional distress as a matter of law, the allegations in the Amended Complaint, at this stage, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[59] Defendant's motion to dismiss Plaintiff's claim for intentional infliction of emotional distress is denied.

## CONCLUSION

**IT IS ORDERED** that the Defendants' motion to dismiss for failure to state a claim is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's claims under the Louisiana Employment Discrimination Law[60] are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's claims for wages through May 18, 2018, premised on Louisiana Civil Code article 2749[61] are **DISMISSED WITH PREJUDICE.**

---

[55] R. Doc. 25-1 at 21.
[56] R. Doc. 23 at ¶ 38
[57] *Id.* at ¶ 38
[58] R. Doc. 31 at 15-16.
[59] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).
[60] La. R.S. § 23:332.
[61] R. Doc. 23 at 10 (¶ 2 of damages section).

**IT IS FURTHER ORDERED** that Plaintiff's request to conduct additional discovery[62] is **DENIED** as moot.

Plaintiff's claims under Title VII, the LWPA, and for intentional infliction of emotional distress remain.

**New Orleans, Louisiana, this 11th day of December, 2018.**

                                            **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[62] R. Doc. 31 at 16.